IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TONY BERGER,

              Plaintiff,              OPINION AND ORDER

v.

                                    21-cv-454-wmc

WOOD COUNTY SHERIFFS
DEPT, WOOD COUNTY D.A.
OFFICE, BRANDON CHRISTANSON,
ERIC MARTEN, and ADA DANIEL M.
McGRATH,

              Defendants.

*Pro se* plaintiff Tony Berger has sued defendants under 42 U.S.C. § 1983, alleging Fourth, Sixth, and Fourteenth Amendment violations arising out of the investigation and prosecution of a domestic violence complaint. Specifically, Berger claims that on May 1, 2020, defendant Officers Brandon Christanson and Eric Marten came to his home, arrested him without probable cause, and unlawfully searched his home and seized a firearm. (Dkt. #1 at 4-5.) Then, alleges Berger, defendants Assistant District Attorney ("ADA") Daniel M. McGrath and the Wood County District Attorney's Office prosecuted him maliciously, without any evidence, only to dismiss the case without prejudice in March 2020. (Dkt. ##1 at 5, 1-1 at 1, 1-7 at 1.)

Before the court is McGrath's motion to dismiss Berger's claims against him under Federal Rule of Civil Procedure 12(b)(6), asserting that he is immune as an ADA for his prosecutorial actions. (Dkt. #4.) The motion is well taken, and will be granted for the

following reasons.[1]

OPINION

Dismissal of a plaintiff's claims under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Relevant here, a prosecutor enjoys *absolute* immunity from civil suit under § 1983 for damages "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity shields a prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *see also Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause.").

Plaintiff's allegations indicate that he seeks to hold the ADA and the DA's office liable for deciding to pursue charges and then prosecuting the criminal case against him, which he cannot do under § 1983. Here, plaintiff alleges that the prosecutor "chose to

---

[1] McGrath also notes, correctly, that the Wood County D.A.'s Office cannot be sued under § 1983. (Dkt. #4 at 2.) Berger responds that "[e]very entity is suable" for a civil rights violation, but that is not so. (Dkt. #6 at 1.) A district attorney's office "is merely a division of the state of Wisconsin, and a state is not a 'person' that can be sued under § 1983." *Omegbu v. Milwaukee Cnty.*, 326 F. App'x 940, 942 (7th Cir. 2009); *see also Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 679 (E.D. Wis. 1999) (the Kenosha County D.A.'s Office is not a suable entity). Accordingly, the court will dismiss Berger's claims against this defendant as well. *Cf. Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

keep my rights denied for almost a whole year knowing that my civil rights were infringed upon" and despite the victim's impact statement denying she had been threatened or harmed, opining that the search and seizure were unlawful, and admitting to taking medication and using alcohol. (Dkt. ##1 at 5, 1-7 at 1.) Plaintiff similarly asserts in response to defendant's motion that the victim was not credible, and that defendant ignored exonerating testimony. (Dkt. #6 at 1.) Plaintiff supports his claim also by pointing to the criminal prosecution itself, asking the court to review the docket history of his Wood County criminal case "to see how this prosecutor continually" kept violating his right to life, liberty, and property.[2] (Dkt. #10 at 1.) But even though he is alleging there was no merit to the state's case, plaintiff still cannot proceed against this defendant for acts "intimately associated with the judicial phase of the criminal process," such as "presenting the State's case," *Imbler*, 424 U.S. at 430-31, or for "filing and amending criminal charges," *Jones v. Cummings*, 998 F.3d 782, 788 (7th Cir. 2021), or "the professional evaluation of the evidence assembled by the police," *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Plaintiff cites no contrary authority, but argues that as a matter of principle, there should not be "immunity when Civil Rights have been broken under the Constitution of the United States." (Dkt. #6 at 1.) Indeed, "this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest

---

[2] Plaintiff references Wood County Case Number 2020CF383. (Dkt. #10 at 1.) Case details publicly available online through the Wisconsin Circuit Court Access Program indicate, among other events, that a complaint was filed against plaintiff on May 19, 2020, that he was charged with operating a firearm while intoxicated, disorderly conduct, and strangulation and suffocation, and that the case was dismissed without prejudice on the state's motion on March 20, 2021.

action deprives him of liberty." *Imbler*, 424 U.S. at 427. However, as the United States Supreme Court has explained, the "broader public interest" is well served by granting civil immunity and thus generally ensuring "the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Id.* at 428-29 (explaining the policy rationales that underlie the doctrine of absolute prosecutorial immunity and what checks on prosecutors remain).

Accordingly, defendant McGrath's motion to dismiss will be granted.

ORDER

IT IS ORDERED that:

1) Defendant ADA Daniel M. McGrath's motion to dismiss (dkt. #4) is GRANTED.

2) Defendants McGrath and Wood County D.A. Office are DISMISSED from this action.

Entered this 9th day of September, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge