IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

TONY A. BERGER,

                Plaintiff,

v.

WOOD COUNTY SHERIFF'S DEPARTMENT,
BRANDON CHRISTIANSON, AND
ERIC MARTEN,

                Defendants.

OPINION AND ORDER

Case No.  21-cv-454-wmc
_____

      Pro se plaintiff Tony A. Berger is proceeding in this action on claims of unlawful search and seizure, detention, and arrest arising out of a search of his home, a seizure of firearms on May 1, 2020, and a criminal prosecution that ultimately was dismissed in March 2021. Defendants are the two officers who responded to a report of a domestic disturbance, searched Berger's home, seized a weapon and placed him under arrest, allegedly without probable cause. Berger also is suing their employer, the Wood County Sheriff's Department. Berger has filed a motion for summary judgment, but in this order I am addressing defendants' motion to compel. Defendants seek more detailed responses to Interrogatories 2, 4, 6, 8-18, and requests for production (RFPs) 1-5 and 7-16, as well as fees and costs. (Dkt. 21.) Berger asserts that he has adequately responded to all of defendants' discovery requests. (Dkt. 20.)

      Having considered the parties' submissions, I am granting in part defendants' motion and I am ordering Berger, within 21 days of this order, to supplement his responses to Interrogatories 2, 4, 6, 8, 11, 13, 14, and 18, and to RFPs 1-5 and 7-13.

I. Defendants' Discovery Requests

As a starting premise, the court has broad discretion over pretrial discovery rulings. *Thermal Design, Inc. v. American Society of Heating, Refrigerating and Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014). Generally speaking, discovery under Rule 26 is also broad, and relevant information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). Before restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it. The court must limit the frequency or extent of discovery otherwise allowed if the discovery sought is unreasonably cumulative or duplicative. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). If a party has provided the information sought by its opponent in one set of documents, it is not obligated to provide it again in a second set of documents. *Belle v. Taylor*, 827 F.3d 699, 711 (7th Cir. 2016).

With these propositions in mind, I will consider each of defendants' requests and plaintiff's responses, sometimes in groups, beginning with defendants' interrogatories. Defendants' discovery requests with plaintiff's initial and supplemental responses to them are contained in dkt. 21.

**Interrogatories No. 2 and No. 8:** These interrogatories concern damages, asking plaintiff to provide an itemized account of all claimed losses and damages, and to describe in detail anticipated future losses and expenses, and provide documentary support. Plaintiff responded that his losses included his attorney fees, court costs, fuel costs, "the [loss] of a year [of] my freedom," that he will send defendants copies of his bills, and that defendants can also refer to his complaint. (Dkt. 21 at 2, 4.) Plaintiff specifies in his complaint that he has paid

2

$10,396.28 in attorney fees and asks for $900,999.00 in "damages," as well as unspecified punitive damages "for a year of my retired life" when he could not travel to Arizona for the winter, and for the search of his home and seizure of his property. (Dkt. 1 at 6.)

Defendants object, contending that plaintiff has not provided an itemization of his claimed losses and damages or any documentation in support of the relief he requests in his complaint.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a computation of each category of damages claimed and the documents or other evidentiary material on which each computation is based. Plaintiff is pro se, so he does not have to make detailed computations of his damages, and he has already identified some types of damages between his responses and the complaint. Plaintiff now must ensure that defendants have a complete, itemized list of the types of damages he is seeking, including, for example, what the $900,999.00 is compensation for, and any anticipated future losses and expenses. Plaintiff also must provide any additional information he has concerning those damages. Because these interrogatories are likely to lead to admissible evidence in this case, I will compel plaintiff to supplement his answers accordingly.

**Interrogatory No. 4:** This interrogatory asks plaintiff to describe his physical, mental and emotional injuries sustained as a result of the alleged events in this case. Plaintiff responded by disclosing injuries to his spine and resulting pain, as well as mental fatigue from untreated pain and an interruption in receiving certain medications after his arrest. Defendants object because plaintiff's response does not also specify how long these ailments lasted, which is information relevant to plaintiff's damages at least. I therefore agree plaintiff's response is not complete. I am ordering plaintiff to supplement his response accordingly.

3

**Interrogatory No. 6**: This interrogatory asks plaintiff to identify every hospital, clinic, physician, chiropractor, mental health provider, or medical care provider of any kind who examined or treated him between May 1, 2015 and April 30, 2020. In other words, defendants would reach back five years before the events of this case. Plaintiff fully responded to Interrogatory No. 5 asking for this same information going forward from the date of his arrest, but objects to the date range here, noting that his health history is private. Instead, plaintiff offers to disclose this history beginning in January 2018. Defendants counter that plaintiff has failed to answer the interrogatory, without also arguing why starting in May 2015 as opposed to January 2018 is relevant. Presumably, then, defendants have agreed to plaintiff's proposed date range, and I will order plaintiff to supplement his response to this interrogatory accordingly.

**Interrogatories No. 9, No. 10, No. 12, No. 15, No. 16 and No. 17:** These interrogatories all ask plaintiff to state his facts in support of his claims against the officers. Specifically, defendants ask plaintiff to detail what happened that led to his injuries, to explain how he believes the officers allegedly violated his constitutional rights and how that conduct caused his injuries and damages, and to identify all supporting documents and individuals with related knowledge. Plaintiff responded by referring defendants to his Exhibits A, B, C, D, F and G, and his "statement," as well as to a sworn affidavit from his girlfriend's brother. (Dkt. 21 at 5, 7-8.)

Plaintiff filed his exhibits and statement with the court as an unsolicited "discovery response" on September 9, 2021. (Dkt. 11.) They consist respectively of a victim impact statement, an email from plaintiff's girlfriend to an attorney recanting her claim that plaintiff choked her, a letter from his girlfriend's son to the same attorney, a domestic abuse enforcement

contact prohibition and waiver form, the Wood County criminal complaint filed against plaintiff as well as plaintiff's statement of facts in response, and a picture of what appears to be a dining room table. Plaintiff filed the affidavit with the court as part of a second batch of discovery responses. (Dkt. 16-1.) Defendants counter that plaintiff has not provided any description in any of his responses of how he believes the officers violated his constitutional rights.

Plaintiff's exhibits are of little help to defendants in this regard, other than to suggest that plaintiff believes there was never any evidence of a crime. This is plaintiff's lawsuit, these are his claims, so it is his responsibility to adequately explain them so that the officers understand what plaintiff believes they did to violate his rights. They are entitled to this so that they can prepare their defense. It is not defendants' job to piece together from a series of documents plaintiff's narrative of what the officers did that night.

Plaintiff's version of events in his complaint is a start. When the complaint is taken with plaintiff's statement of facts (dkt. 11-6 at 4), then plaintiff's version of events becomes clearer. In plaintiff's statement, which he includes in support of his motion for summary judgment, plaintiff recounts what happened that evening leading up to the officers' involvement, what he initially told and showed the officers when they arrived, how he then led them off his porch and closed his door, and that the officers then reentered his home without a warrant or consent after his arrest and were shown where plaintiff kept his firearms. Certainly, gaps in the narrative remain. But defendants report that they will be deposing plaintiff, and now they have his motion for summary judgment, so defendants can ask plaintiff under oath for any clarifications. (Dkt. 25.) Accordingly, at this time I will not order plaintiff to supplement his responses to these interrogatories, with the expectation that plaintiff will fill in the gaps and adequately clarify matters at his deposition.

**Interrogatory No. 11:** This interrogatory asks plaintiff to identify everyone he has spoken to about the alleged incident and what was said, as well as any supporting documents. Plaintiff responded by again directing defendants back to the Wood County criminal complaint and his statement of facts. Plaintiff misses the point. Defendants are not asking for plaintiff's version of events, they are asking for information regarding who else he talked to about the events and what he told them. Defendants are entitled to learn the identities of individuals who have knowledge of plaintiff's claims. However, it would be unduly burdensome to also require plaintiff to give chapter and verse about what was said. Accordingly, plaintiff must do his best to provide the names of everyone he has spoken to about the events underlying this case, and provide any existing documentation of those conversations. Defendants can ask plaintiff for further details at his deposition.

**Interrogatories No. 13 and No. 14:** These interrogatories ask plaintiff to identify every Wood County policy, custom, and operating procedure that he alleges contributed to the deprivation of his federal rights, and to identify every county policy-making official who he alleges had knowledge of or turned a blind eye to any such policy, custom or operating procedure, as well as all supporting documentation and individuals with related knowledge or information. In response, plaintiff yet again generally directs defendants back to his exhibits, and page four of his complaint. This is not enough. The complaint does not reference a specific policy, custom or operating procedure, nor does it identify a policy-making official. As noted above, plaintiff does not meet his discovery obligations by simply directing defendants to a series of documents. Because plaintiff has named the Wood County Sheriff's Department as a defendant, the Sheriff's Department is entitled to know the legal and factual bases for plaintiff's claims against it. Plaintiff must clarify whether he is alleging that some Wood County policy,

6

custom or operating procedure had anything to do with what he alleges happened, and if so, which ones are relevant and why. Plaintiff must supplement his response to these interrogatories to provide this information.

**Interrogatory No. 18:** This interrogatory asks plaintiff whether he has been a party to a lawsuit, and if so, to identify the nature of the action, case number, the parties, venue, and its current status. Plaintiff discloses that he was involved in a lawsuit dating back to 1991 that concerned a work injury, but states that all other requested information "is protected under medical privacy [act]." (Dkt. 21 at 8.) It is unclear what privacy act plaintiff is referring to, but in any event defendants are not seeking medical information in response to this interrogatory. They are seeking administrative information about plaintiff's prior lawsuit (case number, parties, venue, and status) within his personal knowledge. This information is not private, so plaintiff must disclose it.

Turning to the defendants' RFPs, plaintiff was served with sixteen requests. Plaintiff generally objected to all of them, stating that he had already sent defendants documents related to his criminal case. The documents that plaintiff has submitted to the court or otherwise has produced are his fact statement, the affidavit of his girlfriend's brother, defendants' responses to plaintiff's interrogatories, an excerpt from a former defendant's motion to dismiss, some medical records, three pictures, and documents from his Wood County criminal case. (*See* dkt. 11, 16, 20, 23.) Plaintiff further contended that defendants' requests violated the court's scheduling order, but it is unclear how this could be so: discovery remains open in this lawsuit until September 9, 2022. (Dkt. 15 at 6.) In any event, defendants now ask the court to order plaintiff to also respond to each of the following RFPs, which I will address in turn:

7

**RFPs No. 1 and No. 5**: In these requests, defendants ask for all documents plaintiff consulted, reviewed, or relied upon to respond to defendant's discovery requests, and for all documents plaintiff identifies in his responses to defendants' interrogatories. This information is standard discovery and it is within plaintiff's personal knowledge because he is the one that responded to the discovery requests. Plaintiff is ordered to produce these documents.

**RFP No. 2, No. 3 and No. 4**: In these requests, defendants ask for all documents plaintiff relies on to support his constitutional claims and damages claims, and all documents, electronically stored information, and tangible things that plaintiff may use to support his claims. Rule 26(a)(1) requires that each party must, at the beginning of a lawsuit, disclose to the other parties all documents, electronically stored information, and tangible things that the party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(ii). Therefore, I am ordering plaintiff to produce the evidence on which he intends to rely in proving his case, to the extent he has not already done so, as well as those documents he has relied on in establishing his damages.

**RFP No. 7, No. 8, and No. 9**: In this request, defendants ask for all audio recordings, photographs, video tapes, notes, diaries, calendars, correspondence, text messages, emails, and social media posts relating to plaintiff's claims. Because it is difficult to determine from defendants' requests what information they are seeking, plaintiff may have difficulty determining what information to provide. Therefore, plaintiff must produce now those documents on which he intends to rely in proving his case, to the extent he has not already done so. If defendants want additional disclosures, then they need to provide a more specific request.

**RFP No. 10**: In this request, defendants ask for all witness statements that plaintiff has prepared or that anyone has prepared on his behalf. As explained above in relation to Interrogatory No. 11, defendants are entitled to learn about everyone who has knowledge of plaintiff's claims because these people may have discoverable information. Accordingly, I am ordering plaintiff to produce any witness statements that he has not yet produced.

**RFP No. 11 and No. 12**: In these requests, defendants ask for all documents that any regulatory, government, or investigative federal or state agency provided to plaintiff or that plaintiff provided to any such agency regarding the alleged incident. Once again, it is difficult to determine from these requests what information defendants are seeking, and plaintiff has already produced several documents from his state criminal prosecution. But if plaintiff has contacted or provided any documents about his allegations in this case to any state or federal agency, office, bureau or other governmental entity, then plaintiff produce these documents *and* produce any responses he received. because this would be information relevant to plaintiff's claims.

**RFP No. 13**: In this request, defendants ask for all documents related to any pre-existing injuries that plaintiff had on the date of his arrest. Such documents are relevant to determining plaintiff's damages in this lawsuit, which includes claims of physical injury, I am ordering plaintiff to produce what exists, with this caveat, explained further below: the court generally will not compel parties to disclose confidential medical or psychological records if they choose not to do so, although choosing not to disclose has consequences.

**RFP No. 14**: In this request, defendants ask for plaintiff's federal and state income tax returns for the five years immediately preceding his arrest. Plaintiff specifically objects to this

9

request, stating that he owns a corporation and his returns have "no bearing on this case." (Dkt. 20-1 at 1.) Income tax returns are not inherently privileged. *See Valero Energy Corp. v. U.S.*, 569 F.3d 626, 630 (7th Cir. 2009) (preparing tax returns is an accounting rather than legal service; the information transmitted so that it might be used on a tax return is not privileged). However, they do generally contain sensitive information, and I agreed that the relevance of plaintiff's prior tax returns is not immediately obvious here. Plaintiff asserts that he is retired and that he is not claiming lost earnings or income stemming from his arrest. However, it may be that defendants are concerned about plaintiff's unspecified punitive damages claim. I am ordering plaintiff to produce now any documents he is relying on, or that form any basis for his damages claims, including any tax documents. If this case proceeds to trial and the question of punitive damages will be presented to the jury, how to handle discovery directly solely to punitive damages can again be addressed in conjunction with the planning of the trial. Without more specific argument from defendants, I will not order plaintiff to produce his tax returns in response to this RFP.

**RFP No. 15 and No 16**: In these requests, defendants ask for all medical records, reports, and bills including prescriptions for all care provided to plaintiff, and corresponding signed authorizations for the release of medical information, as requested in defendants' interrogatories. While a party has an interest in protecting the confidentiality of his or her medical records, that interest is waived at least in part when that party has filed a lawsuit seeking damages arising out of physical or psychological injuries. That said, this court generally does not compel a party to disclose confidential, medical or psychiatric information if he doesn't want to, but the party cannot have it both ways. A party's choice to withhold relevant medical or

psychological records routinely results in this court limiting or eliminating that party's claims for damages to which the withheld records could be relevant.

Here, as noted above, plaintiff has agreed in response to Interrogatories No. 5 and No. 6 to provide defendants with the requested medical information, but dating back to January 1, 2018, as opposed to May 1, 2015, and he has filed with the court two signed and dated authorizations for release of medical information, one for the Marshfield Clinic and one for the Mayo Clinic. (Dkt. 16-3.) Defendants do not explain why plaintiff's proposed starting date is insufficient, so the court will not order plaintiff to do more in response to these RFPs.

**Summary**

To recap, I am ordering plaintiff, to the best of his ability and within 21 days of this order–that is, not later than March 21, 2022–to supplement his responses to Interrogatories 2, 4, 6, 8, 11, 13, 14, and 18, and to respond to RFPs 1-5 and 7-13. Plaintiff should indicate in his responses if a requested document does not exist or if a request for information is not applicable.

**II. Defendants' Request for Fees and Costs**

Finally, I am denying defendants' request for fees and costs associated with bringing their motion to compel. (Dkt. 18 at 2.) Notwithstanding Rule 37(a)(5)'s no-fault stance on cost-shifting, pursuant to Rule 37(a)(5)(A)(iii), this court ordinarily does not shift costs against pro se litigants when they lose discovery disputes in the absence of sufficiently aggravating factors. So far, plaintiff's resistance to defendants' discovery requests does not suggest an obtuse stubbornness or gamesmanship. That said, any future discovery motions likely will result in cost-shifting in favor of the prevailing party.

ORDER

IT IS ORDERED that defendants' motion to compel discovery (dkt. 18) is GRANTED IN PART and DENIED IN PART as set forth above. March 21, 2022 is plaintiff's deadline to provide the information ordered by the court.

Entered this 28th day of February, 2022.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge